# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **TECHNOLOGY PROPERTIES LIMITED LLC,** *et al.* <br><br> **Plaintiffs,** <br><br> vs. <br><br> **KYOCERA CORPORATION,** *et al.*, <br><br> **Defendants.** | **Case No.: 12-CV-3860  YGR** <br><br> **ORDER VACATING HEARING AND GRANTING STAY OF ENTIRE ACTION** |

On July 24, 2012, Plaintiffs Technology Properties Limited LLC, Patriot Scientific Corporation and Phoenix Digital Solutions LLC (collectively, "Plaintiffs") sued Defendant Kyocera Communications, Inc. ("Kyocera") in this Court alleging infringement of three patents: U.S. Patents Nos. 5,809,336 (the '336 Patent), 5,440,749 (the '749 Patent), and 5,530,890 (the '890 Patent).

Presently before the Court is Kyocera's Motion to Stay this action in its entirety pending the conclusion of an investigation by the United States International Trade Commission (ITC) in response to the complaint filed by Plaintiffs on July 23, 2012 concerning the '336 Patent. (Dkt No. 6.) In response to the motion, Plaintiffs filed a Statement of Non-Opposition to Motion to Stay. (Dkt No. 11.) The Court finds this motion appropriate for decision without oral argument and, pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), **VACATES** the hearing set for December 4, 2012.

Stay of this civil action with respect to the '336 Patent is automatic pursuant to 28 U.S.C. § 1659. ("[T]he district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action with respect to any claim that involves the same issues involved in the proceeding before the Commission . . . .") Stay of the litigation as to the other two patents is within this Court's discretion. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936); *CMAX, Inc. v. Hall,* 300 F.2d 265, 268 (9th Cir.1962); *FormFactor, Inc. v. Micronics Japan Co., Ltd.*, CV-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008) (granting stay where two of the five patents at issue were subject to automatic stay due to ITC proceedings). In light of the absence of opposition, as well as the evidence indicating potential prejudice and duplication of efforts, a discretionary stay of the claims as to the remaining patents is warranted.

The Court **GRANTS** the Motion for Stay. This case is hereby **STAYED** pending the completion of the ITC's investigation. A case management conference is set in this matter for **April 22, 2013, at 2:00 p.m**. The parties shall file a joint case management statement limited to an update on the status of the ITC proceedings no less than seven days prior to the conference.

This Order terminates Docket No. 6.

**IT IS SO ORDERED.**

Date: November 26, 2012

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**